[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an in rem action brought pursuant to a petition for forfeiture of property in accordance with Section 54-36h et seq. of the Connecticut General Statutes. The subject matter sought to be forfeited is a 1987 Ford Mustang automobile, legal title to which is in the name of Stephen Welk, the father of the twenty-two year old person arrested in the underlying criminal matter, David Welk.
The facts proven by clear and convincing evidence, are that Stephen Welk purchased the 1987 Ford Mustang from Wagner Ford on August 21, 1989. Mr. Welk utilized his and/or his wife's funds exclusively to buy the vehicle for $6,244.60. The car was registered in the name of Stephen I. Welk with the Connecticut Motor Vehicle Department on or about August 26, 1989. The vehicle remains registered to Stephen I. Welk to the current date. Insurance coverage on the Mustang is paid for by Stephen Welk and he and his wife, Carol, are the name insured. Stephen Welk pays the taxes, maintenance and gasoline. The Mustang is one of several vintage or potential vintage cars acquired over the years by Stephen Welk; he also owns a 1951 Ford Country Squire "woody" station wagon and a 1965 Ford Mustang. David Welk, Stephen's son, was the principal operator of the 1987 Mustang from the time it was purchased in 1989. During the period of time in question, David was a college student and worked part time. David was the only individual ever involved in an accident with the car, the only one that ever received a ticket for a moving violation while operating the '87 Mustang, and the individual who retained almost exclusive possession and control over the one set of keys to the car. There were a total of seven cars in the Welk household of four individuals. Occasionally, David Welk worked for his father's business without remuneration.
On August 20, August 21 and September 24, 1991, David Welk sold quantities of marijuana to a regional narcotic task force informant. David realized or would have realized financial CT Page 8820 profit from these sales. David Welk was operating the 1987 Mustang on each occasion. David sold less than four ounces of contraband on the first two dates and more than four ounces on September 24th. David was arrested at the scene on the latter date and the vehicle was then impounded. David told the officers to take care of "his" car because "he" had paid a lot of money for the car stereo system. Within two days of David's arrest and the seizure of the Mustang, Stephen Welk contacted Sergeant Cousins, the acting commander of the regional task force. Stephen Welk told Cousins that he would like the vehicle returned, that he had purchased the car to enable his son David, who had some unspecified mental health problem, to go back and forth to school.
Of the items in the 1987 Mustang inventoried by the police officials, 13 were articles of clothing, six were books or course-related items, seven were paystubs or cash, eight were credit card receipts for gasoline in the name of Stephen Welk and signed by David Welk, fourteen were documents, relating to the registration, emissions inspections, parking violation citation or stereo system in the car and about ten were miscellaneous items of no particular significance. Almost the entire inventory is ascribable to David Welk.
The state seeks the forfeiture of the vehicle claiming that David Welk was and is the "equitable" owner of the car who used it to further his involvement in drug trafficking for profit. The Respondent claims that he, Stephen Welk, is an innocent owner of the 1987 Mustang and that he should not, nor does the statute permit, him to suffer the penalty sought. The parties did enter a stipulation that Mr. Stephen Welk did not know and could not have reasonably known that the 1987 Ford Mustang was being used or was intended to be used in, or was derived from, criminal activity.[1]
To support its contention that the vehicle should be forfeited, the government relies upon State v. Riddick, Superior Court, Judicial District of New Haven at New Haven, Docket No. CV 6-10463 (October 22, 1991, Clifford, J.). The facts of that case are readily distinguishable from those in the case at bar, however, because even though the car in that case was registered to the criminal defendant's mother, the defendant paid for the gas, made the car payments and paid for "most, if not all, of the insurance and taxes on the automobile. He [Philip Riddick] admitted that his `interest' in the car was for the total CT Page 8821 amount."[2]
Our state supreme court has determined that "[w]hile the penalty of forfeiture is. . . not `foreign' to our criminal law. . . such a sanction must be strictly construed. As a general matter, our penal law must be strictly construed to protect fundamental constitutional rights. . . . Forfeiture statutes in particular have been narrowly construed . . . In applying this rule of construction, however, we must not frustrate the evident design of the legislature." State v. Champagne, 206 Conn. 421,430 (citations omitted, 1988).
With those legal principles in mind, the issue for determination is whether or not the state has succeeded in establishing that Stephen Welk was not the "owner" of the 1987 Ford Mustang and that David Welk was. It is the opinion of the court that the state has failed to sustain its burden of proof by clear and convincing evidence.
Section 54-36h nowhere contains a definition of "owner". The legal definition of owner is found in Chapter 246 of our laws pertaining to motor vehicles. Section 14-1 (56) states: "`Owner' means any person holding title to a motor vehicle, or having the legal right to register the same, including purchasers under conditional bills of sale;. . .'" "When we say, a man has the title to . . . [property], we mean, he is the owner of it; and vice versa . . . . In the construction of statutes, words and phrases shall be construed according to the commonly approved usage and language . . . . The commonly approved use of the word `owner' indicates `one that owns, one that has the legal or rightful title whether the possessor or not . . . Webster, Third New International Dictionary." Warner v. Leslie — Elliott Constructors, Inc., 194 Conn. 129, 137 (citations omitted, 1984).
Stephen Welk clearly was and is the owner of the 1987 Ford Mustang. The state has stipulated that he is an innocent owner. Accordingly, judgment is entered for the Respondent and the 1987 Ford Mustang, bearing Connecticut Registration 165 EAD, VIN #FABP41A1HF243009 is ordered returned to Stephen I. Welk.